The Opinion and Order below is hereby signed.

Dated: February 21, 2006.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re | ) |
| | ) |
| GREATER SOUTHEAST COMMUNITY | ) Case No. 02-02250 |
| HOSPITAL CORP. I, *et al.*, | ) (Chapter 11) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| _____ | ) |
| | ) |
| SAM J. ALBERTS, TRUSTEE FOR | ) |
| THE DCHC LIQUIDATING TRUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adversary Proceeding No. |
| | ) 04-10116 |
| ARTHUR J. GALLAGHER & CO., | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER RE MOTIONS TO DISMISS

Seeking to avoid and recover various payments the debtors
had made, the plaintiff, Sam J. Alberts, Trustee for the DCHC
Liquidating Trust, commenced this adversary proceeding against

Arthur J. Gallagher & Co. ("AJG").[1]  He later amended the
complaint to add various insurance companies as defendants.
Three of those added defendants (the "Added Defendants") seek
dismissal based on the statute of limitations found in 11 U.S.C.
§ 546(a)(1)(A) which the court finds applicable and which bars
the amended complaint unless it relates back to the filing of the
original complaint.[2]  The relation-back issue turns on the proper
construction of Rule 15(c)(3)(B) of the Federal Rules of Civil
Procedure.

I

In both the original complaint and the amended complaint,
Alberts pursues three counts: preferential transfers recoverable
under 11 U.S.C. §§ 547 and 550; fraudulent conveyances
recoverable under 11 U.S.C. §§ 544, 548, and 550; and
unauthorized postpetition payments (payments that cleared
postpetition even if transmitted by prepetition check)
recoverable under 11 U.S.C. §§ 549 and 550.  The critical element

---

[1]  With exceptions of no relevance here, the confirmed plan
in the jointly administered bankruptcy cases in which this
adversary proceeding is pursued vested Alberts with the right to
pursue claims that a trustee could pursue under sections 542
through 553 of the Bankruptcy Code (11 U.S.C.).

[2]  The added defendants seeking dismissal are Gallagher
Healthcare Insurance Services, Inc., Safety National Casualty
Corporation, and Fireman's Fund Insurance Co.  The term "Added
Defendants" as used in the balance of this opinion refers only to
them as the other additional defendants have not sought
dismissal.

2

of each count for purposes of addressing the applicability of
Rule 15(c)(3)(B) is § 550.  If Alberts demonstrates that a
transfer of any amount of dollars included in the payments that
are the subject of this proceeding is avoidable under § 544, 547,
548, or 549, Alberts cannot make a recovery in that amount from a
defendant unless he demonstrates the applicability of 11 U.S.C. §
550(a).  In relevant part, § 550(a) provides:

> (a) Except as otherwise provided in this section,
> to the extent that a transfer is avoided under section
> 544, . . . 547, 548, [or] 549 . . . of this title, the
> trustee may recover, for the benefit of the estate, the
> property transferred or, if the court so orders, the
> value of such property, from--
> > (1) the initial transferee of such
> > transfer or the entity for whose benefit such
> > transfer was made; or
> > (2) any immediate or mediate transferee
> > of such initial transferee.

When Alberts filed his original complaint, he believed that AJG
was the "initial transferee" of each transfer.  To the extent
that AJG was not the "initial transferee" and instead was a mere
conduit, Alberts now asserts that he made a mistake within the
meaning of Rule 15(c)(3)(B) in naming AJG as the sole defendant
in the original complaint.

The pertinent facts are these.  Prior to the commencement of
this adversary proceeding, Alberts' financial advisor, Neil H.
Demchick, reviewed and analyzed information provided by the
debtors relating to payments made by the debtors during the
preference period of 11 U.S.C. § 547(b)(4).  In particular,

Demchick reviewed the information relating to the transfers that are the subject of this adversary proceeding.  From his review of the records furnished, Demchick concluded that AJG was the sole transferee of the transfers.  The information did not indicate that AJG was a mere conduit with respect to the transfers or that any of the transfers were intended for any of the Added Defendants or any other company.

On November 16, 2004, Alberts timely filed his original complaint, naming AJG as the sole defendant, which sought to avoid and recover pursuant to 11 U.S.C. §§ 544, 547, 548, 549, and 550, certain payments that the debtors made to AJG.  On January 28, 2005, AJG filed an answer raising as a defense that it was not the "initial transferee" of the payments as required by 11 U.S.C. § 550(a) for the payments to be recovered from it. A recipient of a payment is not an "initial transferee" of the payment within the meaning of § 550(a)(1) if the recipient was serving as a mere conduit.  See Christy v. Alexander & Alexander of New York, Inc. (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey), 130 F.3d 52, 59 (2d Cir. 1997) (broker was mere conduit for payments made to insurance companies).  To the extent of any dollars transferred as to which AJG was a mere conduit for an Added Defendant (for example, passing along insurance premiums less AJG's commission as an insurance broker), and thus not the "initial transferee," Alberts

4

made a mistake in suing AJG instead of the Added Defendant to which AJG passed on those dollars as the true "initial transferee."  However, to the extent that AJG was not a mere conduit as to any particular transfer (for example, to the extent AJG as an insurance broker retained a commission out of insurance premiums) and thus was the "initial transferee" of that transfer, Alberts made no mistake in suing AJG instead of the Added Defendants.[3]

On March 10, 2005, Alberts filed a motion to enlarge the time period for service of the summons and complaint under F.R. Civ. P. 4(m).  On March 15, 2005, the court entered a bridge order enlarging the time period for serving the summons and complaint under Rule 4(m), and on April 13, 2005, the court entered a further order that extended the time period under Rule 4(m) from 120 days to 210 days with respect to this adversary proceeding, among others.

On March 15, 2005, Alberts filed the amended complaint adding the Additional Defendants.  On March 24, 2005, Alberts served a summons and the amended complaint on the Added Defendants.

---

[3]  To the extent that Alberts now seeks recovery under § 550(a)(2) from an Added Defendant of a transfer for which AJG was the "initial transferee" on the basis that the Added Defendant was "[an] immediate or mediate transferee of such initial transferee [meaning AJG]," Alberts made no mistake in suing only AJG in the original complaint because AJG would, as the "initial transferee," indeed be liable.

The amended complaint retains AJG as a defendant and does not substitute the Added Defendants in place of AJG.  However, Alberts points to his right to recover from the Added Defendants as the initial transferees to the extent that they (as opposed to AJG) are the initial transferees of the payments.

II

Section 546(a)(1) of the Bankruptcy Code (11 U.S.C.), as relevant to this case, provides that § 550 complaints must be filed within (A) two years after the entry of the order for relief, in this case by November 20, 2004, or (B) within one year after the appointment of the first trustee under § 1104.  Alberts argues that his claims against the Added Defendants are not time-barred because either Alberts, a plan-appointed trustee, enjoys the extended limitations period provided for under § 546(a)(1)(B), which did not expire until April 5, 2005, or alternatively, the amendment relates back to the date of the filing of the original complaint pursuant to Federal Rule of Civil Procedure 15(c).  The court will first address why § 546(a)(1)(B) does not extend the limitations period for Alberts, as a plan trustee, to file avoidance actions in this bankruptcy case, and will then address the applicability to the amended complaint of Rule 15(c)(3) relation-back.

A.    Alberts, as liquidating trustee, is not a "trustee"
      within the meaning of 11 U.S.C. § 546(a).

Pursuant to the plan, Alberts assumed the duties of Trustee

for the DCHC Liquidating Trust on April 5, 2004.  Alberts argues

that the limitations period for the trust to file § 550 actions

in this bankruptcy case did not expire, pursuant to §

546(a)(1)(B), until one year after Alberts' appointment as plan

trustee.  The court rejects this argument as contrary to the

plain language of the Bankruptcy Code.  Alberts is a plan trustee

and was appointed pursuant to § 1123.  He was not appointed or

elected under 11 U.S.C. § 1104 as would be required to render

applicable the one-year extension of the limitations period

provided for under § 546(a)(1)(B).[4]  Accordingly, Alberts, as a

liquidating trustee, is not entitled to invoke the extended

---

[4]  An appointment under 11 U.S.C. §§ 702, 1163, 1202, or
1303 would also satisfy § 546(a)(1)(B), but they were
inapplicable to this case.  The only provision specified in §
546(a)(1)(B) which could have resulted in the appointment or
election of a trustee in this non-railroad chapter 11 case was §
1104.  The court never entered the order required by that
provision to trigger the appointment or election of a trustee.
Moreover, § 1104(a) requires that the order for appointment of a
trustee be made before confirmation of a plan: Alberts' position
as trustee of the DCHC Liquidating Trust arose at the earliest
upon confirmation of the plan.  Finally, the confirmation of the
plan terminated the estate, vesting the claims here in the DCHC
Liquidating Trust, so there is no bankruptcy estate for a trustee
of the type specified by § 546(a)(1)(B) to administer, with
Alberts' compensation not limited by, and not requiring court
allowance under, 11 U.S.C. § 326.

7

limitations period provided for under §546(a)(1)(B).[5]

  B. Pursuant to Rule 15(c)(3), the amended complaint
relates back to the date of filing of the original
complaint, except to the extent that AJG was an initial
transferee.

In the alternative, Alberts argues that the amended

complaint is not time-barred because it relates back to the date

of the filing of the original complaint.  Rule 15(c) provides, in

pertinent part:

   (c) Relation Back of Amendments.  An amendment of
a pleading relates back to the date of the original
pleading when . . .

    (2) the claim or defense asserted in the
amended pleading arose out of the conduct, transaction,
or occurrence set forth or attempted to be set forth in
the original pleading, or

    (3) the amendment changes the party or the
naming of the party against whom a claim is asserted if
the foregoing provision (2) is satisfied and, within
the period provided by Rule 4(m) for service of the
summons and complaint, the party to be brought in by
amendment (A) has received such notice of the
institution of the action that the party will not be
prejudiced in maintaining a defense on the merits, and
(B) knew or should have known that, but for a mistake

---

[5] See Barr v. Charterhouse Group Int'l, Inc. (In re
Everfresh Beverages, Inc.), 238 B.R. 558, 573 (Bankr. S.D.N.Y.
1999) (liquidating trustee appointed pursuant to plan under §
1123 not entitled to the one-year extension of the limitations
period provided for under § 546(a)(1)(B)).  See also Liquidation
Estate of DeLaurentiis Entertainment Group v. Technicolor, Inc.
(In re DeLaurentiis Entertainment Group, Inc.), 87 F.3d 1061,
1064 (9th Cir. 1996) (holding that an estate representative is
not a trustee within the meaning of § 546(a)); Starzynski v.
Sequoia Forest Industries, 72 F.3d 816, 821 (10th Cir. 1995) (no
statutory basis for concluding that plan-appointed liquidating
agent is a trustee within the meaning of § 546(a)).

concerning the identity of the proper party, the action
would have been brought against the party.

Thus, an amended complaint seeking to add an additional defendant

will be permitted to relate back if it (1) arose out of the

conduct, transaction, or occurrence set forth or attempted to be

set forth in the original pleading; (2) the added parties

received notice of the action within the time period provided for

under Rule 4(m) such that the parties will not be prejudiced in

maintaining a defense; and (3) the added parties knew or should

have known that they were proper parties but for the plaintiff's

mistake.

        1.    The claim asserted in the amended complaint arose
out of the conduct, transaction, or occurrence set
forth or attempted to be set forth in the original
complaint.

The claims asserted against the Added Defendants "arose out

of the conduct, transaction, or occurrence set forth or attempted

to be set forth in the original pleading."  The amended complaint

seeks recovery of the same payments sought to be recovered under

the original complaint on the same three legal theories as the

original complaint.  Thus, the court finds that the requirement

of Rule 15(c)(2) has been satisfied.

9

2.    The Added Defendants received notice of the
institution of the action within the time period
provided for under Rule 4(m) such that they will
not be prejudiced in maintaining a defense on the
merits.

According to the Added Defendants, they were served the
summons and the amended complaint by first class mail on March
24, 2005, 128 days after the filing of the original complaint.
Relying on Rule 15(c)(3), the Added Defendants contend that
15(c)(3) relation-back does not apply because Alberts failed to
give the Added Defendants notice of the institution of the action
such that they would not be prejudiced in maintaining a defense
on the merits within <u>120 days</u> of filing the original complaint.[6]

Rather than expressly requiring that parties added pursuant
to an amendment receive notice within 120 days of the filing of
the original complaint, however, Rule 15(c)(3) instead requires
that the added party be provided such notice "within the period
provided by Rule 4(m) for service of the summons and the

_____

[6]   Prior to December 1, 1991, Rule 15(c)(3) provided that
"[a]n amendment changing the party against whom a claim is
asserted relates back if the foregoing provision is satisfied
and, <u>within the period provided by law for commencing the action
against him</u>, the party to be brought in by amendment (1) has
received such notice of the institution of the action that he
will not be prejudiced in maintaining his defense on the merits,
and (2) knew or should have know that, but for a mistake
concerning the identity of the proper party, the action would
have been brought against him." <u>See</u> <u>Cox v. Treadway</u>, 75 F.3d
230, 240 (6th Cir. 1996)(applying the pre-amendment version of
Rule 15(c)).  The court is mindful of this amendment, and took it
into account when determining the relevance of cases decided
under the pre-amendment rule.

10

complaint." Although Rule 4(m) provides that service of the
summons and complaint is to be made upon a defendant within 120
days after the filing of the complaint, that time limitation is
subject to adjustment by the court. On March 15, 2005, a bridge
order was entered in the main bankruptcy case in which this
adversary proceeding is being pursued (DE No. 2486), followed by
a final order on April 13, 2005 (DE No. 2516), enlarging the time
period under Federal Rule 4(m) and Bankruptcy Rule 7004 to effect
service of process in this adversary proceeding. That extended
deadline governs the Rule 15(c)(3) analysis currently before the
court. See Fed. R. Civ. P. 15 advisory committee notes
(1991)("In allowing a name-correcting amendment within the time
allowed by Rule 4(m), this rule allows not only the 120 days
specified in that rule, but also any additional time resulting
from any extension ordered by the court pursuant to that rule . .
. ."). Accordingly, and because the Added Defendants were
expressly notified by service of the summons and the amended
complaint of the institution of the suit within the time period
allotted under Federal Rule 4(m) as extended by the court, the
court rejects the Added Defendants' argument that they did not
receive notice within the time period provided by Rule 4(m) for
service of the summons and the complaint such that they would be
prejudiced in maintaining a defense on the merits.

11

3.    Alberts' failure to name the Added Defendants was
a mistake within the meaning of Rule 15(c)(3),
except to the extent that AJG was the initial
transferee.

The critical question raised by the Added Defendants'
motoins to dismiss is whether Alberts' failure to name the Added
Defendants constitutes a mistake within the meaning of Rule
15(c)(3)(B), as required for the amendment to relate back to the
date of the filing of the original complaint.   Alberts bears the
burden of proof to demonstrate that his amended complaint meets
the requirements of Fed. R. Civ. P. 15(c)(3).   <u>Soto v. Brooklyn
Correctional Facility</u>, 80 F.3d 34, 35 (2d Cir. 1996).   For
reasons explained in more detail below, the court concludes that
Alberts' failure to name the Added Defendants in the original
complaint constitutes a mistake within the meaning of Rule 15(c),
except to the extent that he proves not to have been mistaken
that AJG was the initial transferee.

(a)   The fact that AJG remains named as a
defendant in the amended complaint does not
preclude the amended complaint from relating
back to the original complaint.

The Added Defendants urge that there can be no relation-back
under Rule 15 unless the new defendants substitute an existing
defendant.   Similarly, the Added Defendants take the position
that for Rule 15(c) relation-back to apply, any alleged mistake
must run to the entirety of the claim originally asserted against
AJG and result in AJG's absolute displacement from this adversary

12

proceeding.    The Added Defendants further reason that because it is undisputed that AJG was the initial transferee with respect to certain portions of the alleged preferential or fraudulent transfer attributable to brokerage commissions, AJG was a proper defendant in this action at least to that extent, and Rule 15(c)(3) is therefore unavailable to save any of Alberts' untimely claims against the Added Defendants, not just unavailable to save Alberts' claims relating to transfers for which AJG <u>was</u> the initial transferee.

Some courts have, indeed, held that an amendment seeking to add an additional defendant can only relate back under Rule 15(c)(3) if the new defendant replaces an existing defendant. This is the law in the Sixth Circuit,[7] has been construed to be

---

[7] <u>See</u> <u>Leitch v. Lievense Ins. Agency, Inc. (In re Kent Holland Die Casting & Plating, Inc.)</u>, 928 F.2d 1448, 1449 (6th Cir. 1991) (chapter 7 trustee could not amend avoidance action to join insurance company as a defendant to his complaint, originally brought only against the insurance agent, because Sixth Circuit precedent "holds that an amendment which adds a new party creates a new cause of action and there is no relation-back to the original filing for purposes of limitations."); <u>Smart v. Ellis Trucking Co.</u>, 580 F.2d 215, 218 (6th Cir. 1978) ("amendments which add a party to the original suit cannot relate back for limitations purposes.").

13

the law in the Fourth Circuit,[8] and has been applied by some in the Third Circuit.[9]

Notwithstanding the narrow reading of Rule 15(c)(3) adopted in some circuits, the plain language of Rule 15(c)(3) does not purport to limit the applicability of relation-back to circumstances in which the correction of a mistake regarding the proper identity of a party results in the substitution of one defendant for another.  Instead, the rule sets forth the circumstances under which an "amendment [that] changes the party or the naming of the party against whom a claim is asserted" will relate back.  In the instant case, Alberts seeks to change the party against whom his claim is asserted to the extent the existing defendant, AJG, asserts, and the court finds, that AJG was not the initial transferee of the subject payments.

Although Alberts continues to pursue the entire $1,015,873.29 claim against AJG, it is evident that Alberts is

---

[8] See Miracle of Life, LLC v. North American Van Lines, Inc., 368 F. Supp.2d 499 (D.S.C. 2005) (observing that the plain language of Rule 15(c)(3) only contemplates relation-back when a new party is substituted for an existing party, and finding that to be the clear precedent in the Fourth Circuit); Onan v. County of Roanoke, 52 F.3d 321 (4th Cir. 1995) (unpublished) ("Rule 15(c)(3) permits a plaintiff to name a new defendant *in place of* an old one, but does not permit a plaintiff to name a new defendant *in addition to* the existing ones.")(emphasis in original).

[9] See, *e.g.,* Hechinger Liquidation Trust v. Cooper Bussman, Inc. (In re Hechinger Investment Co. of Delaware), 297 B.R. 390 (D. Del. 2003).

pursuing his claims against the Added Defendants and AJG in the alternative.  Only after the court determines which party was the initial transferee with respect to any given portion of the alleged transfer will Alberts be in a position to ascertain which party or parties are, in fact, the proper defendants in this action.  Alberts should not be prevented from pursuing his claims in the alternative against both parties pending the court's resolution of that question.

However, to the extent that AJG was the initial transferee of the dollars transferred, Rule 15(c)(3) may not be employed by Alberts to pursue the Added Defendants under 11 U.S.C. § 550(a)(2) as subsequent ("immediate or mediate") transferees from AJG of the same dollars for which AJG was the initial transferee. As to such transfers, Alberts did not make a mistake in suing AJG as liable.

In this adversary proceeding, as is common when a mere conduit defense is raised in a § 550 action, the defense is partial (for example, not extending to any commissions AJG retained as an insurance broker), goes to only a portion of the subject payment, and does not erase the possibility that AJG was the proper defendant to this adversary proceeding in the first instance.  It is likely AJG's burden - not Alberts' - to demonstrate the applicability of the mere conduit defense, and the court may yet find that AJG was, in fact, the initial

15

transferee with respect to all of the subject payments,
notwithstanding AJG's assertion of a mere conduit defense.
Indeed, whether AJG asserts the defense with respect to some or
all of the payments, under both scenarios it could turn out that
Alberts has made no mistake at all in his naming of AJG as the
sole initial transferee for the entire alleged preferential
payment.

A reading of Rule 15(c)(3) that would preclude relation-back
on the mere basis that the existing defendant may still be liable
under what now present themselves as alternate theories as to who
was the initial transferee would render Rule 15(c)(3) uniformly
unavailable in cases such as this.  Mere conduit defenses such as
that raised by AJG typically alter liability based on the
happenstance of the legal obligation governing the initial
recipient's subsequent transfer of the subject funds to third
parties, of which the bankruptcy trustee commonly has no direct
knowledge.  It is on that basis alone that § 550 liability, in
instances such as this, then becomes splintered among several
parties notwithstanding that the subject transfer was made to
only one individual.  The mere conduit defense thus leaves
plaintiffs unusually vulnerable to mistakes arising from their
lack of knowledge that anyone other than the initial recipient of
a transfer is a potential target of the § 550 recovery action.

Even upon discovering that subsequent payments made by an
initial recipient of a transfer to a third party could alter the
identity of the "initial transferee," a § 550-action plaintiff
will typically still need to look to the bankruptcy court to
resolve the legal question of who is, in fact, the "initial
transferee."  A rule that would categorically exclude mistakes of
this nature from the definition of Rule 15(c)(3) - mistakes that
have no underlying strategic explanation, typically involve
information peculiarly within the control of the existing
defendant (the initial recipient of the transfer) and the
defendants sought to be added, and whose significance cannot be
fully appreciated until the bankruptcy court rules on questions
of fact and law - would be too narrow.

Furthermore, notwithstanding that Alberts seeks to recover
the entire sum of $1,015,873.29 through the vehicle of a single
adversary proceeding, the claims being pursued within this
adversary proceeding are legally divisible to the extent
different parties may be found to be "initial transferees" liable
for the return of different portions of the alleged transfer.
Indeed, each and every dollar that was transferred from the
debtor to a third party gives rise to a separate § 550 claim.
That Alberts has elected to pursue recovery of the transfers in a
single action does not alter the fact that his right to avoid
such transfers runs to each dollar individually, not to any

17

particular sum in the aggregate.  That the original complaint may
have named AJG as the proper defendant as the "initial
transferee" of a divisible portion of a transfer should not
preclude Alberts from showing that he was entirely mistaken with
respect to the proper identity of the "initial transferee" as
concerns other divisible portions of that transfer.  In effect,
Alberts <u>is</u> substituting the Added Defendants as the defendants to
the extent that AJG is determined not to be the "initial
transferee."

Moreover, this judicial circuit has not expressly, or
otherwise, adopted a rule requiring that an added defendant
replace a previously named defendant in order for Rule 15(c)(3)
relation-back to apply. <u>See</u> <u>Hall v. CNN America, Inc.</u>, 1996 WL
653839 at *5 (D.D.C., November 7, 1996)(unreported opinion)
(amended complaint adding defendant and alleging that added
defendant was jointly and severally liable with originally named
defendants in wrongful death action related back under Rule
15(c)).  <u>But</u> <u>see</u> <u>Nichols v. Greater Southeast Community Hosp.</u>,
2005 WL 975643 (D.D.C., April 22, 2005)("an amendment relates
back if it arises from the original occurrence and the
<u>substituted</u> party received notice of the action within the
relevant time period.")(emphasis added).

Because this court is not bound to follow the narrow reading
of Rule 15(c)(3) adopted by courts in other judicial circuits,

18

and because drawing a dispositive distinction between joinder and
substitution in determining what constitutes a mistake is
inconsistent with the plain language of the rule, the court
rejects the argument that Alberts' failure to dismiss the claims
against AJG when adding new defendants in the amended complaint
renders Rule 15(c) relation-back <u>per</u> <u>se</u> inapplicable.

> (b)   D.C. Circuit precedent does not preclude relation-
> back of an amendment that seeks to add a defendant
> of  whose connection to the alleged conduct the
> plaintiff was previously entirely unaware.

The Added Defendants are correct that in <u>Rendall-Speranza v.</u>
<u>Nassim</u>, 107 F.3d 913 (D.C. Cir. 1997), the Court of Appeals
narrowly interpreted the word "mistake" as used in Rule
15(c)(3)(B).  However, as discussed later, the precise narrow
interpretation was that a Rule 15(c)(3)(B) mistake does not exist
when a plaintiff was fully aware of the added defendant's
identity during the limitations period.  That narrow
interpretation does not preclude relation-back where a plaintiff
is altogether unaware of an added defendant's possible existence
during the limitations period.  <u>See Arthur v. Maersk, Inc.</u>, 434
F.3d 196, 209 (3d Cir. Jan. 13, 2006) (a Rule 15(c)(3)(B) mistake
existed when "[t]he reason that these claims were not brought
against the United States, the only potentially liable party, was
that [the plaintiff] did not recognize the agency relationship
between the companies [who were the original defendants] and the

Navy.");[10] <u>Sparshott v. Feld Entertainment, Inc.</u>, 89 F. Supp.2d 1 (D.D.C. 2000).  Here, to the extent that AJG was a mere conduit, the Added Defendants who received the transfers were the initial transferees and hence the only appropriate defendants to sue, but Alberts' lack of knowledge led to his mistake in not suing them, thus making Rule 15(c)(3)(B) applicable.

In addressing what constitutes a Rule 15(c) mistake permitting relation-back in the context of a § 550 action where a mere conduit defense has been asserted, the court agrees with the approach adopted by the court in <u>Randall's Island Family Golf Centers v. Acushnet Co. (In re Randall's Island Family Golf Centers)</u>, 2002 WL 31496229 (Bankr. S.D.N.Y. 2002) (unpublished). In that case, the debtors filed a preference action against their insurance agent to recover an alleged preference payment made within the 90 days prior to the petition date.  <u>Id.</u> at *1.  The insurance agent represented fifteen separate insurers, and in its

---

[10]   The court observed (434 F.3d at 208) (citations omitted):

> It is of no consequence that [the plaintiff's] mistake resulted from lack of knowledge, rather than mere misnomer.  Although a majority of courts have held that only a "misnomer or misidentification" of an existing party can constitute a "mistake concerning the identity of the proper party" under Rule 15(c), there is no linguistic basis for this distinction.  A "mistake" is no less a "mistake" when it flows from lack of knowledge as opposed to inaccurate description.  Both errors render the plaintiff unable to identify the potentially liable party and unable to name that party in the original complaint.

answer to the complaint, the defendant insurance agent asserted that it was a mere conduit for the alleged preference payment because the payment was an insurance premium due and owing to one of those fifteen insurers. Id.

The amendment to add the insurer was sought after the two-year limitations period had expired, and the claim against the new party was time-barred unless the amendment was found to relate back to the original complaint. Id. The court held that the debtors' original misidentification of the initial transferee of the preference payment sought to be recovered constituted a mistake within the meaning of Rule 15(c)(3) and the claim against the insurance company therefore related back to the date of the original complaint. In so holding, the Randall's Island court distinguished cases such as the one before it from cases in which "the plaintiff knows everything he needs to know to name the new party at the time of the pleading, and cannot point to any subsequent factual discovery - except, perhaps for the new party's deeper pockets - to satisfactorily explain the earlier omission." Id. at *3.

The Randall's Island court ultimately found that there was no basis upon which to conclude that the debtors knew that the insurance company was the initial transferee of the alleged preferential payment but nonetheless chose to sue the insurance agent. Id. at *5. Instead, the court found that the debtors

21

intended to sue the initial transferee, who they mistakenly believed to be the insurance agent, and added the insurance company when they discovered the misidentification.  Id.  This, according to the Randall's Island court, constituted a mistake within the meaning of Rule 15(c)(3).  Randall's Island is not at odds with the precedent in this circuit, which has yet to squarely address this issue, and offers a well-reasoned approach to the difficult question of how to treat a misidentification with respect to the "initial transferee" in a § 550 action.[11]

The facts of Rendall-Speranza are distinguishable from the case at bar in that the Added Defendants in this case were not known to Alberts until shortly before he amended his complaint, whereas the plaintiff in Rendall-Speranza was well aware at the outset of commencing his action that IFC, the defendant it attempted to add later, had a relationship to the transaction at

---

[11]  Although a different conclusion was reached by the court in Leitch v. Lievense Casualty & Surety Co. (In re Kent Holland Die Casting & Plating, Inc.), 126 B.R. 733 (Bankr. W.D. Mi. 1990), aff'd, 928 F.2d 1448 (6th Cir. 1991), that case was decided under Sixth Circuit precedent that categorically rejects any finding of mistake where the added defendants do not displace the original defendant.  As discussed above, this court is not bound by such a requirement and therefore finds the case inapposite.

issue.[12]  The <u>Rendall-Speranza</u> court held that Rule 15(c)

relation-back did not apply, reasoning that the plaintiff's

proposed interpretation of a mistake in identity did "not serve

the evident purpose of the rule, which is to avoid the harsh

consequences of a mistake that is neither prejudicial nor a

surprise to the misnamed party."  <u>Id.</u> at 918.  The court relied

upon the Advisory Committee Notes (1991), which state that "Rule

15(c) deals with 'the problem of a misnamed defendant,'" and

further observed that "[n]othing in the Rule or in the Notes

indicates that the provision applies to a plaintiff who was fully

aware of the potential defendant's identity but not of its

responsibility for the harm alleged."  The court thus held that

"the plaintiff's attempt belatedly to name the IFC as a defendant

because she had earlier failed to appreciate that the IFC might

---

[12]      In <u>Rendall-Speranza v. Nassim</u>, an employee of the
International Finance Corporation ("IFC") sued a co-worker for
battery and emotional distress and later sought to amend the
complaint to add the IFC as a defendant.  The amendment was
sought only after the IFC filed an *amicus curiae* brief in which
it stated that the defendant's alleged conduct was appropriate
under IFC policy because it was committed in the course of
preventing the plaintiff from stealing IFC files.  <u>Rendall-
Speranza</u>, 107 F.3d at 915.  According to the plaintiff, it was
only after this revelation that she first had reason to believe
the IFC might also be liable for the battery.  <u>Id.</u> at 917.  Thus,
notwithstanding that the statute of limitations had already run,
the plaintiff argued that the amended complaint related back
under Rule 15(c) to the filing of the original complaint because
the plaintiff's failure to name the IFC as a defendant in the
original complaint was due to "a mistake concerning the identity
of the proper party."  <u>Id.</u> at 917.

be liable is not an amendment based upon 'a mistake of identity'
so as to relate back to the date of the original complaint." Id.
at 919.  Here, Alberts did not simply fail to identify a theory
of liability upon which a party known to him could also be named
as a defendant.  Rather, only upon revelations made by AJG in its
answer to the complaint did Alberts become aware that a conduit
relationship might exist between AJG and the Added Defendants
that would make those Added Defendants the actual "initial
transferees" of the dollars transferred within the meaning of §
550(a)(1).

Similarly, Grigsby v. Johnson, 1996 WL 444052 (D.D.C. May
14, 1996), another opinion relied upon by the Added Defendants,
is distinguishable and must be read in the context in which that
case was decided.[13]  To the extent the opinion expressed an even

---

[13]  In Grigsby, a clerical worker filed a lawsuit against
her employer claiming she was subject to sexual harassment in the
workplace.  Id. at *1.  The plaintiff subsequently amended her
complaint to add her supervisor as a defendant in his individual
capacity.  Id.  The court held that the failure to name the
plaintiff's supervisor as a defendant within the limitations
period was not a mistake and the amended complaint could
therefore not relate back.  As in Rendall-Speranza, the plaintiff
in Grigsby was aware of the added defendant's role in the alleged
misconduct, and the court's holding relied in large part on its
determination that the plaintiff's "decision not to name [her
supervisor] must be viewed as a matter of choice not mistake."
Grigsby, 1996 WL 444052, at * 6 (D.D.C).  Grigsby, like Rendall-
Speranza, is thus distinguishable from the case at bar because
here there is no indication that Alberts was previously aware
that post-transfer transactions between AJG and third parties
gave rise to the possibility that someone other than the original
recipient of the transfer might be the initial transferee.

narrower interpretation of Rule 15 than <u>Rendall-Speranza</u>, that

view was *dicta* and does not withstand scrutiny.[14]

The court similarly finds distinguishable, if they have not

been overruled by the Court of Appeals in <u>Arthur v. Maersk, Inc.</u>,

two decisions in the Third Circuit which the Added Defendants

contend support their position, <u>Mailey v. Septa</u>, 204 F.R.D. 273

---

[14]   In dicta, the <u>Grigsby</u> opinion cites to <u>Barrow v.
Wethersfield Police Dept.</u>, 66 F.3d 466, 470 (2d Cir. 1995), for
the proposition that "[e]ven where the plaintiff fails to
originally name a defendant because he lacks knowledge of their
identity, it is not for purposes of Rule 15(c)(3)(B) a mistake
entitled to relation back." <u>Grigsby</u>, 1996 WL 444052, at * 5
(D.D.C.).  At first glance, such a proposition would appear to
bar relation-back in a situation such as this where the plaintiff
concedes that his failure to name the additional defendants
resulted entirely from his lack of knowledge.  Yet in <u>Barrow</u>, the
authority relied upon by <u>Grigsby</u>, the lack of knowledge at issue
concerned the plaintiff's lack of knowledge as to the specific
identity of the ten officer defendants more generally identified
in the complaint with the placeholder "John Doe."  As is standard
in John Doe cases, the plaintiff understood the need to ascertain
the perpetrators' identities and he simply lost the race against
time by failing to do so before the statute of limitations
expired. <u>See</u> <u>also</u> <u>Donald v. Cook County Sheriff's Dept</u>, 95 F.3d
548 (7th Cir. 1996) (John Doe case); <u>Worthington v. Wilson</u>, 8
F.3d 1253 (7th Cir. 1993) (John Doe case).  The lack of knowledge
alleged by the trustee in this case is more fundamental in
nature, and goes to the very existence of additional parties
coming within the orbit of this § 550 action.  Without any
knowledge concerning post-transfer transactions between AJG and
third parties, Alberts had no basis upon which to believe any
party other than AJG was the initial transferee.

(E.D. Pa. 2001),[15] and <u>Hechinger</u>, 297 B.R. at 394-95.[16]

To the extent, however, that AJG <u>was</u> the initial transferee, Alberts made no mistake in suing AJG.  With regard to such dollars, as in <u>Rendall-Speranza</u>, Alberts cannot be permitted to add as defendants the Added Defendants as there was no mistake in

---

[15] The court in <u>Mailey</u> precluded relation-back notwithstanding the plaintiff's complete lack of prior knowledge that the construction companies sought to be added were working in the area where the alleged injury took place.  It held that the failure timely to name the companies as defendants was not a mistake and the amendment would not relate back because "Rule 15(c)(3) is not intended to provide a way to avoid the consequences of the statute of limitations by allowing a plaintiff to bootstrap a time-barred claim **against a new, unrelated party** to a timely claim brought against the original defendants."  <u>Id.</u> at 275 (emphasis added).  Here, however, the Added Defendants are related: they are sued as initial recipients of transfers to the extent that AJG was a mere conduit.  The court in <u>Mailey</u> recognized that an amendment will be permitted to relate back if an "identity of interest" test, linking the originally named party to the party sought to be joined, is satisfied, as in the case of suing an employee instead of his employer or vice versa.  Here there is such a link: AJG transmitted the payments to the Added Defendants who are the true initial transferees to the extent that AJG was a mere conduit.

[16] In <u>Hechinger</u>, the court followed <u>Mailey</u>'s "separate, unrelated party" holding, and can be distinguished in that regard just like <u>Mailey</u>.  It further ruled that Rule 15(c)(3) did not apply because the originally named defendant was the proper defendant with respect to at least part of the alleged preferential payment.  To the extent that its rationale was that Rule 15(c)(3) only applies when there is a substitution of parties, this decision has already explained earlier why that rationale is invalid.  Implicit if not explicit in much of the court's opinion, moreover, is that the plaintiff was aware of the added defendants' potential liability, but whether by choice or through inadvertence, failed to name those parties as defendants, and such failure - even if unintentional - did not constitute a mistake.  The question of what happens when, as here, a plaintiff seeks to add defendants of whose identity and possible involvement he was entirely unaware, was not before the court.

suing AJG regarding those dollars transferred to AJG as to which

it was in fact the initial transferee.  His pursuit of the Added

Defendants to the extent they <u>were</u> the intitial transferees is,

in contrast, permitted by Rule 15(c)(3).

> 3.    The Added Defendants knew or should have known,
> within the time period provided for under Rule
> 4(m) that, but for Alberts' mistake, they would
> have been named as defendants.

In addition to requiring that the name-changing amendment be

the result of a mistake in identity, Rule 15(c)(3)(B) further

requires that, within the time period provided for under Rule

4(m) for service of the summons and complaint, that defendants

added through the late-filed amendment knew or should have known

that, but for that mistake concerning the identity of the proper

party, the action would have been brought against them within the

limitations period.  When the Added Defendants were served with

the amended complaint - which the court has determined happened

well within the period allotted under Rule 4(m) as extended by

the court - the Added Defendants were put on express notice that

they were now named as defendants in this action.  Because the

Added Defendants received such notice through actual service of

the amended complaint, not through constructive or less direct

means, there can be no doubt that at that juncture they knew

Alberts was pursuing his claims against them.  If not already

apparent that the late-filed amendment was the product of

Alberts' prior mistake in identifying the initial transferee,

27

upon reasonable inquiry the Added Defendants could easily have

ascertained that they were added as defendants only after AJG

asserted its mere conduit defense, which then put Alberts on

notice that he had made a mistake, and caused him to amend his

complaint.[17]

III

The Added Defendants complain that the amended complaint

fails to give them fair notice of the claims brought against

them, and that the amended complaint should be dismissed

accordingly.  In assessing the requirements of "fair notice"

under Rule 8(a) in the context of a § 550 action, the Added

Defendants have asked the court to rely, <u>inter alia</u>, upon the

standard articulated in <u>TWA, Inc. v. Marsh USA, Inc. (In re TWA,

Inc.)</u>, 305 B.R. 228, 232 (Bankr. D. Del. 2004), which states that

the complaint must provide defendants with "(a)n identification

---

[17]    In their reply, the Added Defendants argue that Alberts
has improperly used his opposition brief to augment deficiencies
in his amended complaint in defending against a Rule 12(b)(6)
motion to dismiss.  To the extent the court is asked to review
the adequacy of the amended complaint under Rule 8 (an issue
addressed in Part III below) the court will restrict its analysis
to the allegations found within the four corners of the amended
complaint.  Yet to the extent Alberts' opposition urges that the
amended complaint relates back under Rule 15(c)(3), an argument
that seeks not to augment allegations in the original or amended
complaint but rather to clarify the circumstances under which the
pleadings were filed, his opposition is more properly understood
as setting forth the mistake that gave rise to his adding the
Additional Defendants, which should have been obvious upon
considering § 550(a)'s requirement of "initial transferee" status
for AJG to be liable for any particular part of the transfer
sought to be avoided.

of the nature and amount of each antecedent debt and (b) an
identification of each alleged preference transfer by (i) date,
(ii) name of debtor/transferor, (iii) name of transferee and (iv)
the amount of the transfer." Under this standard, which the
court adopts as a reasonable formulation of what must be alleged
to satisfy the fair notice requirement of Rule 8(a) in a § 550
action, the amended complaint fails to give the Added Defendants
fair notice.

Although attached to the amended complaint is a list of
checks and invoices identifying payments made to Arthur J.
Gallagher & Co., and it can be reasonably inferred from the
amended complaint that the Added Defendants are alleged to have
benefitted, whether directly or indirectly, from these identified
payments, nowhere in the complaint has Alberts identified any
transactions (by date or otherwise) linking each of the Added
Defendants to particular identified payments. There is likewise
no indication of the specific amounts Alberts seeks to avoid and
recover with respect to each Added Defendant.

Just as TWA articulates a useful standard for evaluating the
adequacy of notice provided in a preference action complaint, it
likewise offers a fair approach of relaxing the level of detail
required to be pled when the plaintiff was not in a position to
ascertain (and thus allege) certain facts without the benefit of

discovery.[18]  Alberts is in the midst of taking discovery and should shortly be in a position more fully to comply with the spirit of Rule 8.   The court will require Alberts to file, within 35 days after entry of this opinion, a second amended complaint that complies with the notice requirements of Rule 8, and which will be permitted to relate back to the filing of the original complaint.

IV

For all of the reasons stated above, it is

ORDERED that the motions to dismiss (Docket Entry Nos. 26, 29, and 30) are DENIED, but Alberts shall file an amended complaint within 35 days after entry of this order that more fully complies with the spirit of F.R. Civ. P. 8, and the claims against the Added Defendants are limited to those transfers of dollars for which they were the "initial transferees."

[Signed and dated above.]

Copies to:

Office of the United States Trustee; all counsel of record.

---

[18]  As in TWA, the defendants are unlikely to suffer prejudice from an amendment that is made after the expiration of the limitations period, especially when the defendants are large sophisticated creditors who are unlikely to have lost or discarded records relating to the transactions as a result of delay, and where the filing of a Chapter 11 case likely put creditors generally on notice that they could eventually be the target of § 550 actions.