The Opinion and Order below is hereby signed.

Dated: June 26, 2006.

_____

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GREATER SOUTHEAST COMMUNITY | ) | Case No. 02-02250 |
| HOSPITAL CORP. I, *et al.*, | ) | (Chapter 11) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| SAM J. ALBERTS, TRUSTEE FOR | ) | |
| THE DCHC LIQUIDATING TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 04-10116 |
| ARTHUR J. GALLAGHER & CO., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER RE MOTION FOR RECONSIDERATION

Defendant Gallagher Healthcare Insurance Services, Inc.

("GHIS") has filed a Motion for Reconsideration of Order Denying

Motion to Dismiss (DE No. 58, filed March 6, 2006), asking the

court to reconsider, pursuant to Federal Rules of Bankruptcy 7052

and 9023, its ruling that the plaintiff, Sam Alberts, Trustee for

the DCHC Liquidating Trust, satisfied his burden to prove that

his failure to name GHIS as a defendant in the original complaint
was a mistake within the meaning of Rule 15(c)(3) of the Federal
Rules of Civil Procedure such that his amended complaint would be
permitted to relate back to the date of the filing of the
original complaint for limitations purposes.

In support of its motion, GHIS contends that the court
improperly assumed, rather than deciding upon evidence or
argument, that Alberts had no knowledge of the identity of the
Added Defendants prior to the expiration of the § 546(a)
limitations deadline on November 20, 2005.  GHIS urges that
because Alberts had access to the debtors' books and records, he
knew, is deemed to know or should have known what is in those
papers, which almost certainly included the actual insurance
policies, which in turn should reflect the insurance premiums
paid by the debtor to the Added Defendants.  GHIS likewise urges
that Alberts should have been on notice of the well-established
precedent relating to an insurance broker's status as a mere
conduit.  That, coupled with the notion that Alberts knew, is
deemed to have known, or should have known that AJG was the
debtor's insurance broker for the policy premium payments at
issue, renders Alberts incapable of showing that he was unaware
of the existence of the Added Defendants.

Alberts has opposed GHIS's motion, urging that it should be
denied because it impermissibly attempts to raise a new legal

theory on motion for reconsideration, namely, that Alberts "should have known" about the Additional Defendants and that this is the standard which the court should have applied in determining whether Alberts' failure to name the Added Defendants in the original complaint constituted a mistake within the meaning of Rule 15(c)(3).  Alberts further contends that even if GHIS's proposed standard were to apply, the facts support a finding that Alberts had no reason to know of the existence of the Added Defendants.

In its reply, GHIS urges that its motion does not improperly raise new issues and instead seeks reconsideration of what it believes to have been an error committed by the court in disposing of the motion to dismiss, to wit, that the court improperly assumed rather than deciding that Alberts had no knowledge of the identity of the Added Defendants prior to the expiration of the limitations period, and that the court should not have considered the Declaration of Neil Demchick - evidence outside of the pleadings - in disposing of the motion to dismiss. Thus, GHIS urges that the court made an improper evidentiary finding, and should either grant the motion to dismiss or, alternatively, stay the order pending further discovery on the issue of Alberts' knowledge of the identity of the proper parties to this lawsuit.

II

The court will grant the Motion for Reconsideration under Rules 7052 and 9023 to the extent GHIS seeks an amended order reflecting that there has been no final determination as to whether the amended complaint relates back to the date of the filing of the original complaint.  The statute of limitations is an affirmative defense, and GHIS invoked it pursuant to a motion under F.R. Civ. P. 12(b)(6) based on the amended complaint allegedly showing on its face that the complaint was untimely.  Alberts responded by arguing that the complaint was timely by way of relation-back under F.R. Civ. P. 15(c)(3).  As discussed in part III, below, it would have sufficed for Alberts to argue that the face of the amended complaint did not establish that relation-back was unavailable.  Because GHIS had not moved for summary judgment based on an assertion that Alberts' discovery responses revealed that Alberts had no evidence to support relation-back, it was unnecessary for Alberts to adduce evidence supporting relation-back.

Alberts went one step further, however, and filed the Demchick affidavit to show that he indeed had evidence supporting a finding in favor of such relation-back.  Alberts, however, only defended against dismissal under Rule 12(b)(6), and did not move for summary judgment on the relation-back issue.  Accordingly, the court's ruling was only that dismissal under Rule 12(b)(6)

was not justified.  It was not a final determination of the

realtion-back issue.

A final determination of the relation-back issue necessarily

requires consideration of matters outside of the pleadings, and

is more appropriately disposed of on motion for summary judgmint

under Rule 56 or through findings of fact and law following an

evidentiary hearing. Armco Steel Co., v. SCX Corp., 790 F. Supp.

311, 322 (D.D.C. 1991);  Andrews v. Lakeshore Rehab. Hosp., 140

F.3d 1405, 1409 (11th Cir. 1998).  Specifically, in order to

properly dispose of the relation-back issue, the court must first

determine whether Alberts knew of the Added Defendants' possible

connection to the subject transfers prior to the expiration of

the § 546(a) limitations deadline.[1]

In its Opinion and Order, the court made several references

to Alberts' lack of knowledge as to the Added Defendants,

explaining why his lack of knowledge renders this case

distinguishable from other cases in which courts have declined to

find a mistake within the meaning of Rule 15(c)(3).  For example,

---

[1]  Throughout its prior Order and Opinion, the court
referred both to Alberts' lack of knowledge as to the existence
of the Added Defendants and to Alberts' lack of knowledge as to
the possible conduit relationship between AJG and the Added
Defendants.  By way of clarification, the lack of knowledge the
court deems relevant is Alberts' knowledge (or lack thereof) that
there existed a relationship or connection between the Added
Defendants and AJG or between the debtors and the Added
Defendants sufficient to put Alberts on notice that the Added
Defendants might in some way be connected to the transfers that
are the subject of this adversary proceeding.

the court indicated that this case is distinguishable from

Rendall-Speranza v. Nassim, 107 F.3d 913 (D.C. Cir. 1997) because

in that case, the plaintiff was aware of the untimely-named

defendant's connection to the events giving rise to the lawsuit

yet failed to appreciate the theory of liability under which that

party could be sued, whereas here, "Alberts did not simply fail

to identify a theory of liability upon which a party known to him

could also be named as a defendant.  Rather, only upon

revelations made by AJG in its answer to the complaint did

Alberts become aware that a conduit relationship might exist

between AJG and the Added Defendants that would make those Added

Defendants the actual 'initial transferees' of the dollars

transferred within the meaning of § 550(a)(1)."  Although the

court may ultimately find that Alberts only learned of the

possible conduit relationship between AJG and the Added

Defendants after AJG filed its answer, it would be inappropriate

to treat the court's prior ruling as a final determination to

that effect without permitting a more complete record.

The court adheres to its prior analysis regarding what does

and does not constitute a mistake for purposes of Rule 15(c)(3),

and it likewise stands by its determination that if Alberts did

not have adequate notice that a conduit relationship might exist

between AJG and the Added Defendants until AJG raised the mere

conduit defense in its answer, relation-back applies.  Rather

than concluding that this case is distinguishable from cases such

as <u>Rendall-Speranza v. Nassim</u>, the court's Opinion and Order

should have instead reflected that, based upon its analysis of

the relation-back doctrine and what does and does not constitute

a mistake within the meaning of rule 15(c)(3), this case <u>may</u> be

distinguishable from such cases because the court <u>may</u> ultimately

find that Alberts lacked the requisite knowledge as to the Added

Defendants within the relevant time period.[2]

III

Although the court will grant the Motion for Reconsideration,

it will not grant the motion to dismiss.  Even without

considering the Demchick affidavit and other matters outside the

pleadings, a Rule 12(b)(6) dismissal would be inappropriate

because the face of the amended complaint does not establish that

no facts exist that would allow the amended complaint to relate

back under Rule 15(c)(3).

In considering the complaint, the answer, and the amended

complaint, and in taking judicial notice of the mere

---

[2]    In his opposition, Alberts complains that the Motion for
Reconsideration improperly raises the new legal theory that
Alberts should be deemed to have known of the conduit
relationship between the Added Defendants and AJG.  GHIS's
contention that Alberts should be deemed to have had knowledge of
the Added Defendants' potential liability for the transfers based
upon his access to the debtors' books and records does not
improperly raise a new legal theory.  Rather, it highlights that
Alberts' knowledge as to the existence of the Added Defendants
and their relationship to AJG remains an open question and has
yet to be properly decided by the court.

conduit defense,[3] it is reasonably inferred that Alberts first

named the Added Defendants in the amended complaint in response

to the mere conduit defense asserted by AJG in its answer.[4]  The

amended complaint provides no indication as to whether Alberts'

failure to name the Added Defendants earlier in these proceedings

was based on carelessness or lack of knowledge.  However, because

Alberts may be able to prove that this failure resulted from his

lack of knowledge, and because for purposes of disposing of this

motion to dismiss it is sufficient that Alberts <u>may</u> be able to

prove a set of facts entitling him to relief, dismissal cannot be

_____

    [3]  The court is aware that, "[a]s a general matter, judicial
notice is available only for 'adjudicative facts,' or the 'facts
of a particular case,' as opposed to 'legislative facts,' which
are facts 'which have relevance to legal reasoning . . ., whether
in the formulation of a legal principle or ruling by a judge . .
. or in the enactment of a legislative body.'" <u>Toth v. Grand
Trunk R.R.</u>, 306 F.3d 335, 349 (6th Cir. 2002) (quoting Fed. R.
Evid. 201 advisory committee's note (1972)).  Notwithstanding
this general rule, "whether a fact is adjudicative or legislative
depends upon the manner in which it is used . . . . [and] [a]
legal rule may be a proper fact for judicial notice if it is
offered to establish the factual context of the case, as opposed
to stating the governing law." <u>Id.</u>  In taking judicial notice of
the mere conduit defense, the court seeks merely to illuminate
the context in which Alberts filed his amended complaint, not to
provide an articulation of the law governing this case.

    [4]  <u>See</u> <u>Houlahan v. World Wide Ass'n of Specialty Programs
and Schools</u>, 2006 WL 785326 *1 (D.D.C., March 28, 2006) (in
deciding motion to dismiss, "the court is limited to considering
facts alleged in the complaint, any documents either attached to
or incorporated in the complaint, matters of which the court may
take judicial notice, and matters of public record."); <u>Slaby v.
Fairbridge</u>, 3 F. Supp.2d 22, 27 (D.D.C. 1998) ("When determining
the legal sufficiency of a plaintiff's claim, the court may only
examine the complaint, items in the record of the case, and
matters of public record.").

granted.  <u>In re Vitamins Antitrust Litigation</u>, 2000 WL 1475705 *1

(D.D.C. May 9, 2000) ("A complaint may not be dismissed for

failure to state a claim 'unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of [the complaint]

which would entitle him to relief.'") (quoting <u>Conley v. Gibson</u>,

355 U.S. 41, 45-46 (1957)).

                              IV

     The court will grant GHIS's Motion for Reconsideration of

Order Denying Motion to Dismiss (DE No. 58) and will amend its

prior Opinion and Order (DE No. 50) to reflect that there has

been no final determination as to whether the amended complaint

relates back to the original complaint.  Accordingly, it is

     ORDERED that the court's prior Opinion and Order regarding

the Added Defendants' motions to dismiss is hereby amended to

reflect that the court has made no final determination as to what

Alberts did or did not know about the Added Defendants and their

relationship to the debtors and AJG.  The court's prior Opinion

and Order is likewise amended to reflect that the court has made

no final determination as to whether the amended complaint

relates back to the filing of the original complaint.  It is

further

     ORDERED that any reference in the court's prior Opinion and

Order to Alberts being unaware of the existence of the Added

Defendants or of Alberts being unaware of the conduit

relationship between the Added Defendants and AJG shall not be
treated as findings of fact, but shall instead be understood as
the court's articulation of factual circumstances pursuant to
which relation-back would be appropriate _if_ ultimately found to
exist.

[Signed and dated above.]


Copies to:

All counsel of record.